(87 South. 408)

BLAKEY v. STATE. (4 Div. 628.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 16, 1920.)

1. INTOXICATING LIQUORS ⬤═238(1) — EVIDENCE HELD TO SUSTAIN DENIAL OF DIRECTED ACQUITTAL OF DISTILLING.

Evidence of the sheriff and his deputy that they caught defendant and another attending a still which was then making whisky, contradicted only by the denial of defendant and his partner that they were attending the still, which they claimed to have accidentally found in operation and unattended and to be merely watching, *held* to warrant the trial court in refusing to give the general charge as requested by defendant.

2. INTOXICATING LIQUORS ⬤═233(2) — EVIDENCE OF BEER AT STILL HELD ADMISSIBLE TO SHOW PREPARATION.

In a prosecution for distilling whisky, testimony that witnesses had found two barrels of beer at the place where they found the still being operated by defendant six weeks after they found the beer was competent as going to show a preparation to manufacture liquor.

3. INTOXICATING LIQUORS ⬤═233(1)—TESTIMONY DEFENDANT WAS WORKING AT STILL HELD ADMISSIBLE.

In a prosecution for distilling whisky, testimony by a witness that defendant and his partner, when found at the still by the officers, were working at the whisky, was properly admitted.

4. INTOXICATING LIQUORS ⬤═227 — OCCUPATION OF DEFENDANT HELD IMMATERIAL.

In a prosecution for distilling whisky, where defendant made no attempt to claim alibi, but admitted his presence at the still when arrested, evidence on his behalf that he was a farmer or a merchant and that he had picked cotton during that afternoon was immaterial to any issue and was properly excluded.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Lon Blakey was convicted of distilling whisky, and he appeals. Affirmed.

Certiorari denied, 87 South. 409.

McDowell & McDowell, of Eufaula, for appellant.

The court was in error in permitting testimony as to what was found at the place five or six weeks prior to the commission of the alleged crime. 10 Ala. App. 161, 64 South. 544; 8 Ala. App. 367, 62 South. 322; 6 Ala. App. 41, 60 South. 455. Counsel discuss other assignments of error, but without further citation of authority.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

SAMFORD, J. According to the testimony of the sheriff and his deputy, the defendant was caught in the act of distilling whisky, commonly called "moonshine." All of the appliances for making the whisky were present and in operation, and the whisky running out of the worm, and the defendant and another attending it and working at it. The defendant admitted being there at the place and drinking some of the product, but disclaimed ownership or knowing whose it was or anything about it, claiming that he and the party with him, who testified in his behalf as a witness, were going through the woods and accidentally "run upon" the still in full blast with nobody attending it, and just sat down to look at it. The jury accepted the testimony of the state's witnesses and convicted the defendant, and in this court the defendant seeks a reversal because the court refused at his request to give to the jury the affirmative charge, and on account of certain rulings of the court on the evidence.

[1, 2] The refusal to give the general charge as requested was patently free from error. The evidence that at a former time, about six weeks before, these same state witnesses had found two barrels of beer at the place where the still was being operated, was competent as going to show a preparation to manufacture liquor.

[3] The answer of the witness Carroll that, "They were working at that whisky," referring as it did to the defendant and his witness Smith, about whom he was testifying, was properly allowed.

[4] Whether the defendant was a farmer or a merchant was immaterial to any issue in the case and was properly excluded, as was also the testimony that the defendant picked cotton during that afternoon; no effort having been made to establish an alibi for defendant at the time fixed by the state's witnesses.

We find no error in the record, and the judgment is affirmed.

Affirmed.

<hr/>

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes